UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

TERRY NELSON AND GARY LARSON, as Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund and the Painters and Allied Trades District Council No. 82 Vacation Fund; TERRY NELSON AND WILLIAM GRIMM, as Trustees of the Minneapolis Local 386 Drywall Finishing Industry Pension Fund; TERRY NELSON AND GARY LARSON, as Trustees of the Minneapolis Painting Industry Pension Fund; TERRY NELSON AND ROBERT SWANSON, as Trustees of the Minnesota Finishing Trades Training Fund; and each of their successors,

TERRY NELSON AND JOHN NAKASONE, as Trustees of the St. Paul Painting Industry Pension Fund; and each of their successors;

   Plaintiffs,

vs.

MITCHELL'S DECORATING, INC. and GILBERT D. MITCHELL,

   Defendants.
_____

Civil File No. 07-4030 DSD/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

  This matter was heard before the undersigned on August 22, 2008. Amanda R. Cefalu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of Defendant Mitchell's Decorating, Inc. and Gilbert D. Mitchell.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on September 19, 2007. Defendant Mitchell's Decorating, Inc. was served with the Summons and Complaint in this matter on October 11, 2007.

2. Plaintiffs filed an Amended Complaint on May 13, 2008. Defendant Gilbert D. Mitchell was served with the Amended Summons and Complaint on May 14, 2008. Defendant Mitchell's Decorating, Inc. was served with the Amended Summons and Amended Complaint in this matter on May 19, 2008. *See* (Court Docket No. 18).

3. Defendants have failed to file and/or serve a response or Answer to the Amended Summons and Amended Complaint. The Clerk of the United States District Court entered a default against Defendant on June 12, 2008.

4. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing laborers' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.

5. Defendant Mitchell's Decorating, Inc. accepted and agreed to be bound to a Collective Bargaining Agreement between the Minnesota Painting and Wallcovering Employers Association and the Painters and Allied Trades District Council No. 82 of Minnesota and the International Union of Painters and Allied Trades, AFL-CIO (formerly known as the Brotherhood of Painters and Allied Trades Local Union No. 61, AFL-CIO).

6. The Collective Bargaining Agreement obligates Defendant, as a signatory employer, to compute the contribution for each employee, submit that information on a

report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

7. The Collective Bargaining Agreement also requires employers, such as Defendant, to promptly furnish to the Trustees, or the Unions, or their authorized agents, on demand, all necessary employment and payroll records relating to its employees covered by the agreements, including any other relevant information that may be required in connection with the administration of the Trust Funds, for the purpose of determining if Defendant has complied with its reporting obligation to the Funds.

8. The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for failure to submit monthly reports and contributions in a timely fashion, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting of any delinquency.

9. The Collective Bargaining Agreement also provides that in the event the bonding requirements set forth therein are not met the Agreement becomes binding personally and individually upon the employer and each of the individual owners, partners and shareholders. Defendant Gilbert D. Mitchell is an individual owner, officer and shareholder and failed to meet the bonding requirements of the Agreement.

10. On or about August 3, 2007, Plaintiffs' auditors performed an audit of Defendant's payroll and employment records for the period of October, 2006 through July, 2007 and prepared an invoice based upon the records produced. Pursuant to the audit, the Plaintiffs discovered hours worked by various employees employed by

Defendant and governed by the Collective Bargaining Agreement for which fringe benefit contribution payments were not made.

11. The total amount of fringe benefit contributions discovered to be owing to the Plaintiffs pursuant to the audit is $7,240.18 plus liquidated damages and dues. The total amount due and owing to the Plaintiffs by Defendant as a result of the audit for the period of October, 2006 through July, 2007 is $8,537.07.

12. Plaintiffs have incurred $2,584.60 in reasonable attorney's fees and costs in prosecuting this action.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to a Default Money Judgment.

2. Defendant Gilbert D. Mitchell is personally liable for the fringe benefit contribution obligation set forth in the Collective Bargaining Agreement.

3. Defendants are liable to Plaintiffs in the amount of $8,537.07 for fringe benefit contributions and liquidated damages for the audit period of October, 2006 through July, 2007.

4. Defendants are liable to Plaintiffs in the amount of $2,584.60 for attorney's fees and costs incurred in this action.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Money Judgment is granted.

2. Judgment shall be entered in favor of Plaintiffs and against Defendants Gilbert D. Mitchell and Mitchell's Decorating, Inc., joint and several, in the amount of $11,121.67.

**JUDGMENT SHALL BE ENTERED ACCORDINGLY,**

Dated: August 22, 2008                    BY THE COURT:

                                                                     s/David S. Doty
                                                                     The Honorable David S. Doty
                                                                     United States District Court Judge

344346.DOC